**COOPER ENGINEERING, INC., a California corporation; Howard L. Cooper, Jr., an individual; Howard L. Cooper, Sr., an individual, Plaintiffs—Appellants,**

v.

**WESTCHESTER FIRE INSURANCE COMPANY, Defendant—Appellee.**

No. 03–55773.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided March 10, 2005.

John A. Cone, Jr., Esq., Cone & Kassel, Irvine, CA, for Plaintiffs–Appellants.

James C. Parker, Esq., Brydon Hugo & Parker, San Francisco, CA, for Defendant–Appellee.

can be expected to last for at least twelve months prevents her from engaging in any substantial gainful activity).

Before: HUG, FERGUSON, and HAWKINS, Circuit Judges.

### MEMORANDUM *

■ We affirm the summary judgment grant to Westchester Fire Insurance Company ("Westchester"). Westchester has no duty to defend Cooper Engineering, Inc., Howard L. Cooper, Jr. or Howard L. Cooper, Sr. ("Cooper") in the underlying lawsuit brought by Modern Alloys, Inc. ("Modern"). Modern's claims against Cooper stem from an alleged misappropriation of trade secrets and the use of those secrets to gain advantage in competitive bidding. The submission of a bid to a prospective customer is not a "widespread promotional activity" directed to the public at large or even a specific market segment. *Hameid v. National Fire Ins.*, 31 Cal.4th 16, 24, 1 Cal.Rptr.3d 401, 71 P.3d 761 (2003); *Peerless Lighting Corp. v. American Motorists Ins. Co.*, 82 Cal.App.4th 995, 1013, 98 Cal.Rptr.2d 753 (2000). Therefore, the complaint does not allege that Cooper was engaged in "advertising" within the meaning of the policy, and there is no duty to defend.

■ Nor do the additional deposition statements by Modern's president trigger Westchester's duty to defend. Speculation about ways in which the third-party claimant might amend its complaint in the future is not sufficient to trigger the duty. *Gunderson v. Fire Ins. Exchange*, 37 Cal. App.4th 1106, 1114, 44 Cal.Rptr.2d 272 (1995). Moreover, even assuming the deposition testimony alleges "advertising" activity by Cooper, it does not allege an "advertising *injury*" within the meaning of the policy, i.e., an injury arising out of the misappropriation of advertising ideas or style of doing business.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.